562 N.W.2d 779 (1997)
Scott W. BARR, Plaintiff-Appellant,
v.
MT. BRIGHTON INCORPORATED, Defendant-Appellee.
No. 106709, COA No. 165754.
Supreme Court of Michigan.
May 28, 1997.
On order of the Court, the application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
BOYLE, Justice, states as follows:
I join in the order denying the application for leave to appeal because I agree that, since the area in which the plaintiff was injured was not a separate slope, run, or trail, but instead was a treed area of an open ski run, the defendant had no statutory obligation to mark as "closed" the top of or entrance to that area. I write separately to indicate that portion of the Court of Appeals opinion which I find questionable.
Section 6a of the Ski Area Safety Act delineates the responsibilities of a ski area operator and provides in relevant part:
Each ski area operator shall, with respect to operation of a ski area, do all of the following:
(d) Mark the top of or entrance to each ski run, slope, and trail which is closed to skiing, with an appropriate symbol indicating that the run, slope or trail is closed.... [MCL 408.326a; MSA 18.483(6a).]
Despite the clear dictates of the act, which require that the top of each ski run, slope, and trail be marked as "closed" when appropriate, the Court of Appeals concluded that only those runs, slopes, and trails that previously were "open" for skiing must be marked as "closed." The Court declared:
Further, we do not agree with plaintiff that defendant had an obligation under M.C.L. § 408.326a; MSA 18.483(6a) to mark as "closed" the trail upon which he was injured. There are any number of means by which a skier on top of a hill can ski down that hill. We do not construe this provision to require a ski operator to affirmatively mark as "closed" each one of the conceivable means by which a skier can ski down a hill.
* * * * * *
We construe [subsection (d) ] to require only that the operator mark as "closed" those trails in the ski area that normally are open to skiing but that are, at the moment, closed for one reason or another. We do not believe that the operator has an obligation to mark as "closed" every means by which a skier can ski down a hill, including those means that are never or rarely designated as "open" for skiing. [215 Mich.App. 512, 519-520, 546 N.W.2d 273 (1996).]
The plain language of the statute, however, appears to require a ski area operator to designate as "closed" the top of or entrance to each run, slope, and trail when appropriate. This provision does not limit a ski area operator's obligation to mark as "closed" only those runs, slopes, and trails that were previously "open" to skiing. Although the Court of Appeals projects that the practical application of subsection d will result in "`closed' signs" encircling the top of a hill, "interrupted... by one or two signs indicating that an open trail exists," id. at 519-520, 546 N.W.2d 273 the language of the act does not indicate that the Legislature intended a different result. It would appear that if that portion of the ski run on which the plaintiff was injured could rightly be construed as a "trail," as the Court of Appeals characterized it, then the ski area operator had a statutory duty to designate as "closed" the top of or entrance to that trail.
I also have misgivings regarding whether the Ski Area Safety Act "condition[s] application of the assumption of risk provision [MCL 408.342(2); MSA 18.483(22)(2) ], on compliance with other sections of the act." Id. at 519, 546 N.W.2d 273. The Court of Appeals opinion appears to suggest that even *780 had the defendant failed to comply with its statutory obligation to designate the run, slope, or trail as "closed," the plaintiff still assumed the risk of being injured in a collision with a tree. I am not convinced of the soundness of this interpretation, which would abrogate any duty imposed by the statute. With these reservations, I join in the order denying the application for leave to appeal.